IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHERRY LEE BAIR, :
    Petitioner, : 1:09-cv-1106
 :
v. : (Chief Judge Kane)
 :
RHODA WINSTEAD, et al. :
    Respondents. :

## MEMORANDUM

On June 10, 2009, Petitioner Sherry Lee Bair, an inmate presently confined at the State Correctional Institution at Cambridge Springs, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Therein, she attacks a second degree murder conviction imposed by the Court of Common Pleas of Huntingdon County, Pennsylvania. A response to the petition was filed on January 6, 2010. (Doc. No. 12.) Petitioner filed a traverse on January 25, 2010. (Doc. No. 14.) Upon careful consideration of the parties' submissions, and for the reasons discussed below, the Court concludes that the petition is subject to dismissal because it is not timely filed. See 28 U.S.C. § 2244(d).

### I. BACKGROUND

Petitioner is currently serving a sentence of two concurrent life sentences after pleading guilty to two counts of murder in the second degree on September 12, 1988. (Doc. No. 12 at 1.) No direct appeal was taken from the judgment of sentence. (Id. at 2.)

On February 9, 1993, Petitioner filed a petition for post-conviction collateral relief in the Court of Common Pleas of Huntington County. (Id.) The petition was denied on January 31, 1994. (Id.) On March 1, 1994, a notice of appeal of this denial was filed with the Pennsylvania Superior Court. (Id.) On November 15, 1994, the appeal was denied. (Id.) A petition for

1

allowance of appeal of the Superior Court's decision to the Pennsylvania Supreme Court was filed on December 15, 1994, and was denied on May 18, 1995. (Id.) There also appears to have been a subsequent memorandum opinion issued by the Superior Court on March 19, 1999–although the substance of this opinion is not available in the record before the Court. (See Doc. No. 14, Ex. B; see also Doc. No. 12 at 2.)

## II.  DISCUSSION

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been

2

exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner pled guilty and was sentenced on September 12, 1988. She failed to pursue a direct appeal. Because Petitioner's conviction became final before AEDPA was passed, the one-year statute of limitation period began to run on the Act's passage date, April 24, 1996. See Taylor v. Horn, 504 F.3d 416, 426 (3d Cir. 2007). Therefore, absent any tolling, the one-year period for the statute of limitations expired on April 24, 1997.[1]

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Petitioner's petition for post-conviction collateral relief completed in 1995, well before the one-year statute of limitation period began to run on April 24, 1996.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Equitable tolling is appropriate when the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005) (internal citations and emphasis omitted). "Mere excusable neglect is not

---

[1] Even if the Superior Court's March 19, 1999 memorandum opinion began the running of the limitations period, the limitations period would have expired on March 19, 2000.

3

sufficient." Id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Nor is attorney error. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

The Court does not find extraordinary circumstances in this case which prevented Petitioner from filing a timely habeas petition.  Petitioner appears to argue that her case should be equitably tolled based on her status as a victim of domestic violence, her low verbal IQ at the time of her trial, and her diminished capacity.  However, she has not been actively misled by the state, she has not been prevented from asserting her rights, she did not timely assert her rights in the wrong forum and she was never misled by the state courts regarding the steps she needed to take to preserve her claims.  Moreover, even if her reasons qualify as extraordinary for purposes

4

of tolling, she has not exercised reasonable diligence in bringing her petition. Petitioner argues:

> Having a limited range of capabilities is unfortunately only the beginning of why [Petitioner] so innocently waited for a response from her attorney . . . and the courts. She waited with child-like patience for an answer. The answer never came. Defendant only found out that her appeal was denied by the Superior Court after a law library aide informed her of it. In fact, she wasn't even aware there had been an appeal put through to [the] Supreme Court. She <u>immediately</u> wrote to the Superior/Supreme Courts and received a response on May 5, 2009. . . . She <u>immediately</u> filed a Habeas Corpus Petition with the help of the law library workers on June 10, 2009.

(Doc. No. 14 at 1 (emphasis in original).) Contrary to her emphasis as to the immediacy of her actions, however, it remains clear that at least 10 years elapsed before Petitioner brought her petition. She fails to show reasonable diligence in pursuing her rights. Thus, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus will be dismissed as untimely. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHERRY LEE BAIR, : | |
|     Petitioner, : | 1:09-cv-1106 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| RHODA WINSTEAD, et al. : | |
|     Respondents. : | |

## **ORDER**

**AND NOW**, this 5th day of February 2010, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. Petitioner's motion to appoint counsel (Doc. No. 10) is dismissed as moot.

3. The Clerk of Court is directed to **CLOSE** the case file.

4. A certificate of appealability is **DENIED**. See 28 U.S.C. § 2253(c).

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania